■ In the Matter of BARBARA S. CARR, on Behalf of CAROLE SEGAL and Another, Appellant, v. JACK SEGAL, Respondent.— In a proceeding for support under article 4 of the Family Court Act, by a mother on behalf of her two infant daughters against the divorced father, in which by a prior temporary support order the father had been directed to pay $60 per week for their support, the petitioner appeals from an order of the Family Court, County of Kings, made March 30, 1964 after a hearing, which, among other things, approved a modification of said prior order and directed him to pay the reduced amount of $25 per week for their support. Order of March 30, 1964 modified on the facts by increasing the amount of support to $50 per week. As so modified, the order is affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Under all the circumstances, it is our opinion that the father should have been required to pay the sum of $50 per week, and that the reduction to $25 per week was too drastic. Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of LUCILLE GREEN, Respondent, v. CLINTON GREEN, Appellant.— In a support proceeding by a wife against her husband under article 4 of the Family Court Act, the husband appeals from two orders of the Family Court, Queens County, made April 27, 1964 after a hearing: (1) an order of support which directed him (a) to pay $100 a week for support of his wife and their three minor children; and (b) to post $15,600 cash to guarantee future payments for three years; and (2) an order of protection which, *inter alia,* directed him "not to annoy, harrass or strike" his wife or children. Order of protection affirmed, without costs. Order of support modified on the facts so as to direct: (1) that the husband shall pay $75 per week for the support of the children only; and (2) that the husband, pursuant to section 471 of the Family Court Act, shall either deposit with the Clerk of the Family Court the sum of $11,700 in cash or file with him an undertaking in such amount, with corporate surety, to guarantee such weekly payments of $75 for a period of three years. As so modified, the order is affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Under all the circumstances disclosed in the record, we find that the wife is not entitled to support from the husband. Hence, the amount awarded is reduced to $75 per week — an amount which we find to be adequate for the children. We also find that, under the circumstances, it was unduly onerous to require the husband to post cash or a "cash bond" as security for the weekly payments during the next three years, without giving him the privilege, as an alternative, to file an undertaking with corporate surety. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.